Filed 12/20/23  In re S.O. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re S.O., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D082298 |
| Plaintiff and Respondent, | (Super. Ct. No. NJ15753) |
| v. | |
| W.O., | |
| Defendant and Appellant; | |
| D.O., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Nadia J. Keilani, Judge.  Affirmed.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant Mother, W.O.

Amy Z. Tobin, under appointment by the Court of Appeal, for Respondent Father, D.O.

Rich Pfeiffer, under appointment by the Court of Appeal, for Respondent Minor, S.O.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Eliza Molk, Deputy County Counsel, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In June 2021, the San Diego Health and Human Services Agency (Agency) filed a juvenile dependency case under Welfare and Institutions Code[2] section 300 on behalf of then five-month-old S.O. (Child) due to domestic violence between his parents. During the dependency proceedings, D.O. (Father) successfully completed reunification services, and W.O. (Mother) moved to Iowa to live with her boyfriend. In May 2023, the juvenile court terminated jurisdiction, placed the Child with Father, and awarded Father sole legal and physical custody. In this appeal, Mother does not challenge the juvenile court's termination of jurisdiction or award of physical custody to Father, but contends that the juvenile court erred by declining to order joint legal custody.

When the juvenile court terminates its jurisdiction over a dependent child, section 362.4 authorizes it to make custody and visitation (or "exit") orders. (*In re Chantal S.* (1996) 13 Cal.4th 196, 203.) In issuing an exit order, the juvenile court must consider the best interests of the child. (See, e.g., *In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712.) The family law

---

[1] We resolve this appeal by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1(2).)

[2] Undesignated statutory references are to the Welfare and Institutions Code.

presumption favoring joint custody does not apply to juvenile court custody orders entered upon termination of jurisdiction. (*Id*. at pp. 711–713.)

We review a juvenile court's custody award pursuant to section 362.4 for abuse of discretion. (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.) The juvenile court has broad discretion to make custody orders when it terminates jurisdiction in a dependency case. (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 265, fn. 4.)

We conclude the court did not abuse its broad discretion when it ordered full legal custody to Father. The decision is supported by the factual history and does not exceed the bounds of reason. Even after receiving some reunification services and regaining custody of the Child for a time, Mother continued to make decisions that were not in the best interests of Child. She re-exposed the Child to domestic violence, this time committed by her new boyfriend. She then voluntarily relinquished physical custody of Child to Father so that she could move to Iowa to be with her abusive boyfriend and has not returned to visit with Child in person. Mother continues to reside in Iowa, making joint decisionmaking and communication with Father more difficult. Her lack of communication with the Agency and discontinuation of services since her move to Iowa reasonably call into doubt her commitment to remain actively involved in Child's life—and further support a finding that her participation in making important decisions about Child's welfare would not be in Child's best interests.

3

Father has been making all the parenting decisions for Child and has demonstrated a sustained willingness to make sacrifices to ensure Child's health and welfare. By all accounts, the Child is thriving in Father's care. The Agency, court appointed special advocate, and minor's counsel support the award of sole legal custody to Father. As the custodial parent who lives in California with the Child, Father is in the best position to make his own decisions regarding Child's health, education, and welfare. Accordingly, the juvenile court did not abuse its discretion by awarding sole legal custody to Father.

DISPOSITION

The order of May 26, 2023 is affirmed.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

4